USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/15/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                   :
UNITED STATES OF AMERICA,    :
                   :
                   :    1:17-cr-290-GHW
                   :
                   :    <u>ORDER</u>
      -v-            :
                   :
CHRIS ALICEA,    :
                   :
              Defendant.  :
-------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

    On May 10, 2022, I received a letter from Mr. Alicea. The letter is principally a status update. I am happy to hear that Mr. Alicea has been making positive strides: he has been taking the time to better himself and has been working while in prison. He is rightly focused on being a great father to his son when he is released. Again, I am very happy to hear about all of Mr. Alicea's advances.

    In part of his letter, Mr. Alicea asks if it would be possible for me to shorten his time in prison by a modest amount—90 to 120 days—or to recommend that the Bureau of Prisons (the "BOP") place him in a halfway house for eight months. I cannot do that on this record. I have no authority to determine the placement of defendants in the BOP system once they are sentenced. Decisions about placement, and the calculation of time served fall within the authority of the BOP. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . . Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."); *United States v. Wilson*, 503 U.S. 329, 334, 112 S. Ct. 1351, 1354, 117 L. Ed. 2d 593 (1992) ("For these reasons, we conclude that § 3585(b) does not authorize a district court to compute the credit at sentencing . . . .").

Similarly, I cannot modify a sentence after it has been granted unless certain stringent statutory requirements have been satisfied. A method for the post-judgment modification of a sentence is set forth in 18 U.S.C. § 3582(c)(1)(A). Under that statute, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Even when read with the special solicitude to be afforded *pro se* litigants, I do not understand Mr. Alicea's letter to be a request for compassionate release because he has not described extraordinary or compelling circumstances for release. And in any event, he has not shown that he has satisfied the statutory exhaustion requirement. As a result, I cannot modify Mr. Alicea's sentence as requested on this record.

Again, I am happy to hear about Mr. Alicea's advances and his beneficial use of his time of incarceration. I hope that the BOP will consider his advances and his positive contributions when evaluating when he may be released to a halfway house.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Alicea.

SO ORDERED.

Dated: May 15, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge